```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                        16 CR. 17 (JCF)

ALEX UNGER,

              Defendant.

------------------------------x
                                   New York, N.Y.
                                   January 11, 2016
                                   12:00 p.m.


Before:

              HON. JAMES C. FRANCIS,

                                   Magistrate Judge


                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
Drew Johnson-Skinner
JONATHAN ABERNETHY
     Assistant United States Attorney

BRAFMAN & ASSOCIATES, P.C.
     Attorneys for Defendant
BY:  BENJAMIN BRAFMAN
     JACOB KAPLAN
```

1                  (Case called)

2                  THE COURT:  Good afternoon.

3                  Mr. Unger, I'm Judge Francis.  You're charged in this

4      information with a violation of Title 21, U.S. Code, Section

5      844(a), which makes it an offense to conspire to possess LSD

6      and MDMA.

7                  You have the right to a trial and a jury trial, if you

8      wish and, if you're found guilty, sentencing before a

9      United States district judge.  However, United States

10     magistrate judges also have jurisdiction to try your case, and

11     you're entitled to the same rights of a trial before a

12     magistrate judge, including a jury, as you would have at trial

13     before a district judge.

14                 If you wish to proceed before a magistrate judge

15     instead of a district judge, you must sign a consent form to

16     that effect, and I see that you have done so.

17                 Have you read, and do you understand that form, and

18     did you sign it?

19                 THE DEFENDANT:  Yes, sir.

20                 THE COURT:  I'm going to ask you some questions in

21     connection with your plea.

22                 Would you please raise your right hand.

23                 (Defendant sworn)

24                 THE COURT:  Please state your full name.

25                 THE DEFENDANT:  Alexander Unger.

1           THE COURT:  What's your education?

2           THE DEFENDANT:  I have completed some college-level
3    classes.

4           THE COURT:  Are you now or have you recently been
5    under the care of a doctor or psychiatrist for any reason?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  For what kinds of conditions?

8           THE DEFENDANT:  For bipolar disorder.

9           THE COURT:  Are you taking medication for that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Have you taken it as prescribed in the
12   last few days?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Does that medication affect your ability
15   to understand these proceedings in any way?

16          THE DEFENDANT:  No, sir.

17          MR. BRAFMAN:  Your Honor, just so the record is clear,
18   we've had extensive discussions with Mr. Unger.  His mother is
19   also present.  Despite the psychiatric conditions that he
20   suffers from, he is cogent, he is smart, and he does understand
21   the nature of these proceedings.

22          THE COURT:  Thank you.

23          Mr. Unger, are there any other medications that you
24   take?

25          THE DEFENDANT:  No, sir.

1           THE COURT:  Have you ever been treated for alcoholism
2   or drug addiction?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  Which?
5           THE DEFENDANT:  Drug addiction.
6           THE COURT:  Have you had any narcotic substances
7   within the last week?
8           THE DEFENDANT:  No, sir.
9           THE COURT:  Are you feeling all right today?
10          THE DEFENDANT:  Yes, sir.
11          THE COURT:  Have you received a copy of the
12  information, the document that charges you?
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  Do you understand what it says that you
15  did?
16          THE DEFENDANT:  Yes, sir.
17          THE COURT:  Do you need me to read it to you?
18          THE DEFENDANT:  No, sir.
19          THE COURT:  Have you had time to talk to your attorney
20  about the charges and about how you wish to plead?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  Are you satisfied with your attorney?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Are you ready to plead at this time?
25          THE DEFENDANT:  Yes, sir.

1            THE COURT:  What is your plea to Count One of the
2    information?  Guilty or not guilty?
3            THE DEFENDANT:  Guilty.
4            THE COURT:  I need to determine whether your plea of
5    guilty is voluntary and whether you understand the charges
6    against you and the possible consequences of your plea.  So I'm
7    going to ask you some additional questions.
8            I remind you that the charge against you is conspiracy
9    to possess LSD and MDMA.  The law provides as a penalty a term
10   of imprisonment of up to one year; a term of supervised release
11   of up to one year; a maximum fine, which is the greatest of
12   $100,000; a mandatory minimum fine of $1,000; and a $25 special
13   assessment.
14           Do you understand those penalties?
15           THE DEFENDANT:  Yes, sir.
16           THE COURT:  Do you understand that as part of any
17   sentence, you would be required to make restitution to any
18   victims in the crime?
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Do you understand that if you are
21   sentenced to prison and released on supervised release and you
22   violate the terms of supervised release, you would be returned
23   to prison without credit for time spent on supervised release?
24           Do you understand that?
25           THE DEFENDANT:  Yes, sir.

1                THE COURT:  Do you understand that you have the right
2    to plead not guilty and the right to a jury trial on these
3    charges?
4                THE DEFENDANT:  Yes, sir.
5                THE COURT:  Do you understand that if you plead
6    not guilty and go to trial, the burden would be on the
7    government to prove your guilt beyond a reasonable doubt?
8                THE DEFENDANT:  Yes, sir.
9                THE COURT:  Do you understand that at a trial, you
10   would be presumed innocent until the government proves your
11   guilt?
12               THE DEFENDANT:  Yes, sir.
13               THE COURT:  Do you understand that you have the right
14   to be represented by an attorney at trial and at all other
15   stages of proceedings and, if necessary, an attorney would be
16   appointed for you?
17               THE DEFENDANT:  Yes, sir.
18               THE COURT:  Do you understand that at a trial, you
19   have the right to confront and question any witnesses who
20   testify against you and the right not to be forced to testify
21   against yourself?
22               THE DEFENDANT:  Yes, sir.
23               THE COURT:  Do you understand that at a trial, you
24   would be entitled to testify on your own behalf, to present
25   evidence, to call witnesses to testify, and to subpoena those

1   witnesses if necessary?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Do you understand that if you plead
4   guilty, there will be no trial of any kind and the
5   trial-related rights that I've just described would no longer
6   apply and the only remaining step would be for the Court to
7   sentence you?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Do you understand the nature of the charge
10  to which you are pleading?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Do you understand the range of penalties,
13  including the maximum sentence that you could receive on the
14  basis of your plea?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Have you and your attorney talked about
17  how the Sentencing Commission guidelines might apply to your
18  case?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that after it's been
21  determined what guidelines apply to a case, the Court has the
22  authority, in some circumstances, to impose a sentence that is
23  either more severe or less severe than that called for by the
24  guidelines?

25          THE DEFENDANT:  Yes, sir.

1    THE COURT:  Do you understand that the Court will not
2 be able to determine the guidelines for your case until a
3 presentence report has been prepared and you and the government
4 have had the opportunity to challenge the facts reported
5 therein?
6    THE DEFENDANT:  Yes, sir.
7    THE COURT:  Do you understand that in determining the
8 sentence, the Court will consider, in addition to the
9 guidelines and possible departures from those guidelines, all
10 of the factors set forth in the statute, that is, 18 U.S. Code,
11 Section 3553(a)?
12    THE DEFENDANT:  Yes, sir.
13    THE COURT:  Do you understand that under some
14 circumstances, you or the government may have a right to appeal
15 the sentence?
16    THE DEFENDANT:  Yes, sir.
17    THE COURT:  Do you understand that there is no parole
18 and that if you are sentenced to prison, you will not be
19 released on parole?
20    THE DEFENDANT:  Yes, sir.
21    THE COURT:  Do you understand that the answers you
22 give to me today under oath may in the future be used against
23 you in a prosecution for perjury or false statement if you do
24 not tell the truth?
25    THE DEFENDANT:  Yes, sir.

1     THE COURT:  Do you still wish to plead guilty?
2     THE DEFENDANT:  Yes, sir.
3     THE COURT:  Have any threats been made to you by
4 anyone to influence you to plead guilty?
5     THE DEFENDANT:  No, sir.
6     THE COURT:  Have any promises been made concerning the
7 sentence you would receive?
8     THE DEFENDANT:  No, sir.
9     THE COURT:  I have before me a plea agreement dated
10 January 6, 2016.  Have you read and do you understand that plea
11 agreement?  And did you sign it?
12     THE DEFENDANT:  Yes, sir.
13     THE COURT:  Now, that plea agreement indicates the
14 applicable sentencing range.
15         Do you understand that if you are sentenced within
16 that range, within or below that range, that you may not appeal
17 or otherwise challenge your sentence?
18     THE DEFENDANT:  Yes, sir.
19     THE COURT:  Do you understand that you are agreeing
20 not to appeal or challenge your conviction on the grounds that
21 the government has failed to produce discovery material or
22 information that might tend to prove your innocence?
23     THE DEFENDANT:  Yes, sir.
24     THE COURT:  Do you understand that if your plea is
25 vacated for any reason, you are agreeing not to challenge any

1  future prosecution on the ground that it is time barred?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Apart from what's contained in this plea

4  agreement, has anyone promised you anything whatsoever in

5  connection with your plea?

6            THE DEFENDANT:  No, sir.

7            THE COURT:  Does the government wish to set forth on

8  the record the elements it would prove at trial.

9            MR. JOHNSON-SKINNER:  Yes, your Honor.  The first

10 element is that two or more persons entered into the unlawful

11 agreement as charged in Count One of the information.

12           Here it's to commit the crime of unlawfully possessing

13 a controlled substance, LSD and MDMA, in violation of Title 21,

14 U.S. Code, Section 844(a).

15           The second element is that the defendant knowingly and

16 willfully joined that conspiracy; and the third element is that

17 at some time during the existence of the conspiracy, at least

18 one of the members performed an overt act in furtherance of the

19 objective of that conspiracy.

20           Additionally, the government would establish venue in

21 the Southern District of New York by a preponderance of the

22 evidence.

23           THE COURT:  Thank you.

24           Mr. Unger, do you understand that if you were to go to

25 trial, the government would have to prove each of those

1  elements beyond a reasonable doubt?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Is your plea voluntary and made of your
4  own free will?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Did you commit the offense charged?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Tell me what you did.

9          THE DEFENDANT:  From April 2015 to June 2015, I
10 knowingly and intentionally conspired with others to unlawfully
11 possess amounts of LSD and MDMA.

12         Specifically on April 28, 2015, I possessed a quantity
13 of LSD.  And, on May 13, 2015, I possessed a quantity of MDMA.
14 I possessed these drugs while I was in the Southern District of
15 New York.  I'm sorry for what I have done, and I apologize to
16 the Court and to my family.

17         THE COURT:  At the time you engaged in that conduct,
18 you knew what you were doing was wrong?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Does the government have any other
21 questions the defendant should be asked?

22         MR. JOHNSON-SKINNER:  No, your Honor.

23         THE COURT:  Do you know of any reason why the
24 defendant should not plead guilty?

25         MR. JOHNSON-SKINNER:  No, your Honor.

1            THE COURT:  Mr. Brafman, do you know of any such
2    reason?
3            MR. BRAFMAN:  No, sir.
4            THE COURT:  I'm satisfied that the defendant
5    understands the nature of the charge against him and the
6    consequences of his plea of guilty.  I'm also satisfied that
7    the plea is voluntary and knowing and that there is a factual
8    basis.  I will, therefore, accept the defendant's plea of
9    guilty to Count One of the information.
10           Sentencing will take place in this room on June 15 at
11   10:00 a.m., and a presentence report will be prepared.
12           Can the government provide the case statement to
13   probation within the next two weeks?
14           MR. JOHNSON-SKINNER:  Yes, your Honor.
15           THE COURT:  Mr. Brafman, would you be available for
16   your client's interview within that period?
17           MR. BRAFMAN:  Yes, your Honor.
18           THE COURT:  I believe we need to set conditions of
19   release.  Is that correct?
20           MR. JOHNSON-SKINNER:  Yes, your Honor.  The defendant
21   is currently on bail.  The defendant's conditions include a
22   $250,000 personal recognizance bond secured by $25,000 in cash.
23   His travel is restricted to the Southern and Eastern District
24   of New York.  He's on strict pretrial supervision.
25           He surrendered any travel documents.  He also resides

1   with his mother as part of the conditions of release.  The
2   government would consent to those conditions being continued.
3              THE COURT:  I would assume that those conditions also
4   involve drug testing and treatment?
5              MR. JOHNSON-SKINNER:  Yes, your Honor.
6              THE COURT:  That's fine.
7              Any other requests?
8              MR. BRAFMAN:  We have no objections to those
9   conditions remaining in place pending sentence.
10             Your Honor, I just want the record to reflect that we
11  very much appreciate what Mr. Skinner has been able to
12  accomplish in this case to resolve it on a misdemeanor level.
13  It speaks to his credit, and I just thought the record should
14  reflect that.
15             Thank you, sir.
16             THE COURT:  Thank you.  Bail conditions will be
17  continued.  Thank you all.
18             (Adjourned)
19
20
21
22
23
24
25